**In the United States District Court
for the Northern District of Illinois
Eastern Division**

| | | |
|---|---|---|
| William D. Herrin, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20–cv–01439 |
| | ) | |
| vs. | ) | Honorable Joan H. Lefkow |
| | ) | |
| Allied Servicing Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **SCHEDULING ORDER**

The parties, having held a scheduling conference attended by Rusty Payton for the plaintiff and Pooja Dosi for the defendant, as required by Fed. R. Civ. P. 26(f), submit the following proposed scheduling order:

(A) The parties believe that an early settlement conference __ will X will not likely result in the disposition of the case.

(B) The parties shall have until June 5, 2020 to make Rule 26(a)(1) disclosures.

(C) Amendments to the pleadings and/or joinder of additional parties are not anticipated and may be sought upon appropriate motion by June 19, 2020. Amendments thereafter may be made only on motion for good cause shown.

(D) Non-expert discovery will close on October 2, 2020.

(E) The cut-off date for designation of plaintiff's trial expert(s) as provided in Fed. R. Civ. P. 26(a)(2) is November 6, 2020; for defendant's trial expert(s), December 4, 2020. Depositions of the experts shall be taken within 60 days of designation. Unless otherwise stipulated, disclosure of experts will include a report fully in compliance with Rule 26(a)(2)(B).

(F) Any motion challenging the qualifications of a designated expert must be made within 21 calendar days after the deposition of the

expert or the close of discovery, whichever is earlier. If no motion is filed, the court may deem such challenges waived.

**Dispositive Motions**

Before a dispositive motion is filed, the parties will exchange demand and offer letters in an effort to reach resolution of the case. A status hearing will be set on a date determined by the court, approximately two weeks before the close of discovery. At this time, the parties will report on any outstanding discovery issues, as well on the possibility of settlement and whether a settlement conference with a judge may be helpful. The parties should expect to be referred to a magistrate judge for settlement discussions before filing a motion for summary judgment.

Also at this status hearing, the court will set a schedule for disposition of the case, including trial dates.

**Consent to Proceed Before a Magistrate Judge**

The parties __ consent X do not consent to have their case proceed before a magistrate judge.

ENTERED:

Date: May 13, 2020

_____
Joan Humphrey Lefkow
U.S. District Judge

By: /s/ Blake A. Strautins
Blake A. Strautins
Pooja Dosi
Kluever & Platt, LLC
150 N. Michigan Ave., Suite 2600
Chicago, Illinois 60601
(312) 236-0077
bstrautins@klueverplatt.com
pdosi@klueverplatt.com
*Counsel for Defendant, Allied Servicing Corporation*

By: /s/ Rusty Payton
Rusty Payton
PAYTON LEGAL GROUP
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Arthur C. Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com

*Counsel for Plaintiff, William D. Herrin*

<u>**Certificate of Service**</u>

  I, Pooja Dosi, hereby certify that on this 12th day of May, 2020, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who have filed an appearance in this matter.

                  By <u>/s/ Pooja Dosi</u>